## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

0 8 ~ 1 5 6

Verlin J. Alexander,
      Plaintiff,

    v.

Several Unknown Named ATF,
U.S. Marshal, and FBI Agents,
      and
Several Unknown Named Delaware
State Police and Delaware
Probation and Parole Agents.
      Defendants.

Civil Action No. To be provided

```
F I L E D
     Bk
MAR 1 9 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

### I. JURISDICTION & VENUE

This civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

The District of Delaware is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

### II. PLAINTIFF

Plaintiff, Verlin J. Alexander, is and was at all times mentioned herein a prisoner of the State of Delaware. He is currently confined in the Delaware Correctional Center, in Smyrna, Delaware.

### III. DEFENDANTS

Several unknown named ATF Agents acting under the color of state law and as agents for the State of Delaware where responsible for the plaintiff's unlawful arrest, search, and seizure. They are also responsible for

the plaintiff being denied due process and equal protection of the law.

Several unknown named U.S. Marshals acting under the color of state law and as agents for the State of Delaware where responsible for the plaintiff's unlawful arrest, search, and seizure. They are also responsible for the plaintiff being denied due process and equal protection of the law.

Several unknown named FBI Agents acting under the color of state law and as agents for the State of Delaware where responsible for the plaintiff's unlawful arrest, search, and seizure. They are also responsible for the plaintiff being denied due process and equal protection of the law.

Several unknown named Delaware State Police acting under the color of state law and as agents for the State of Delaware where responsible for the unlawful arrest, search, and seizure. They are also responsible for the plaintiff being denied due process and equal protection of the law.

Several unknown named Delaware Probation & Parole officers acting under the color of state law and as agents for the State of Delaware where responsible for the unlawful arrest, search, and seizure of the plaintiff. They are also responsible for the plaintiff being denied due process and equal protection of the law.

## IV. FACTS

The plaintiff, Verlin J. Alexander, was made aware of the fact that he had a warrant for his arrest in the State of Delaware for an alleged crime that took place on or about September 1, 2005 and November 3, 2005.

At the time of being made aware of the arrest warrant, the plaintiff resided at 1342 Foulkrod St. , Apt. 5, Philadelphia, Pa. 19124. The plaintiff resided at this adress since October 10, 2005.

The plaintiff turned himself into the Philadelphia Detention Center on December 20,2005. The plaintiff waived extradition and requested imediate disposition of his case.

The plaintiff's criminal docket sheet clearly reflects that the authorization for extradition, the indictment filed, and the Rule 9 Warrant were all issued on January 23, 2006.

Philadelphia Detention Center held the plaintiff from Decmber 20, 2005 to March 20, 2006 awaiting Delaware's arrival to arrest and extradite the plaintiff back to Delaware. When Delaware failed to arrest and extradite the plaintiff within 90 days, the Philadelphia Detention Center released the plaintiff.

The plaintiff continued to reside at his Philadelphia address until the date of October 27, 2006 at 6 o'clock AM at which time several unknown named ATF, FBI, U.S. Marshal, Delaware State Police, and Delaware Probation and Parole agents acting under the color of state law and without a valid Governor's warrant burst through the plaintiff's front door of his house at gun point, unlawfuly arresting him, cuffing him, kidnapping him, and returning him to Delaware to stand trial for the criminal offense which he waived extradition on 9 months earlier and was never picked up.

"Upon information and belief" the plaintiff has discovered that once he waived extradition, the State of Delaware had 180 days to bring the movant to trial, a guarantee under the Uniformed Agreement on Detainers, which the State of Delaware failed to comply with.

"Upon information and belief", all the unknown named defendants acted under the color of state law as agents for the State of Delaware, had no probable cause or valid warrant , as well as jurisdiction to come to the plaintiff's residency in Philadelphia to arrest him. Through their actions the plaintiff was unlawfuly arrested, kidnapped, and brought to Delaware without the due process of and equal protection of the law to challange said warrant under the Uniformed Agreement on Detainers.

## V. EXHAUSTION OF LEGAL REMEDIES

Plaintiff, Verlin J. Alexander, hasfiled a Rule 61 Motion for Post-Conviction Relief in the State courts, as well as now seeking justice in his civil action.

## VI. LEGAL CLAIMS

Plaintiff reallege's and incorperates by reference paragraphs 1 through 8 of his facts.

The unlawful arrest, search, and seizure of the plaintiff, as well as his denial of due process and equal protection violated the plaintiff's rights and constituted cruel and unusual punishment, denial of due process and equal protection of the law under the 4th and 5th Amendments to the United States Constitution.

The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully request and prays that this court enter judgement granting plaintiff:

A declaration that the acts and ommisions described herin violated the plaintiff's rights under the Constitution and laws of the United States.

A preliminary and permanent injunction ordering the release of the plaintiff from his incarceration that was a direct result of his unlawful arrest and return to the State of Delaware in violation of the Uniformed Agreement on Detainers as a result of the actions of the unknown named defendants in this action.

Compensatory damages in the amount of $100,000 aginst each defendant jointly and seveally.

Punitive damages in the amount of $250,000 aginst each defendant.

A jury trial on all issues triable by jury.

Plaintiff's cost of this suit

Any additional relief this court deems just, proper, and equitable.

DATED: *MARCH 11, 2008*

Respectfully submitted,

*Verlin J. Alexander*

Verlin J. Alexander
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware  19977


## VERIFICATION

I have read the foregoing complaint and hereby verify that the
matters alleged herein are true, except as to matters alleged on information
and belief, and, as to those, I believe them to be true. I certify under
penalty of perjury that the foregoing is true and correct.


Executed at the Delaware Correctional Center on *MARCH 11, 2008*

*Verlin J. Alexander*

Verlin J. Alexander

DM: Nerlis ALEXANDER

SBI# 098778  UNIT E-C-23-B

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

U.S. District Court
844 North King Street
LockBox 18
Wilimington, Del
19801