IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERLIN ALEXANDER, | : |
| | : |
|     Plaintiff, | : |
| | : |
|     v. | : Civil Action No. 08-156-JJF |
| | : |
| SEVERAL UNKNOWN NAMED ATF | : |
| AGENTS, SEVERAL NAMED UNKNOWN | : |
| U.S. MARSHALS, SEVERAL UNKNOWN | : |
| NAMED FBI AGENTS, SEVERAL | : |
| UNKNOWN NAMED DELAWARE STATE | : |
| POLICE, and SEVERAL UNKNOWN | : |
| NAMED DELAWARE PROBATION AND | : |
| PAROLE OFFICERS, | : |
| | : |
|     Defendants. | : |

Verlin J. Alexander, Pro se Plaintiff.
James T. Vaughn Correctional Center, Smyrna, Delaware

**MEMORANDUM OPINION**

July 29, 2008
Wilmington, Delaware

**Farnan, District Judge** *Joseph Farnan Jr.*

Plaintiff Verlin J. Alexander ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center, formerly known as the Delaware Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4.) For the reasons discussed below, the Court will dismiss Plaintiff's habeas corpus claim and will allow Plaintiff to proceed with the remaining claims.

I. **BACKGROUND**

Plaintiff alleges that arrest warrants issued for alleged crimes that took place in 2005, and he turned himself into the Philadelphia Detention Center ("PDC") on December 20, 2005. Plaintiff was indicted on January 23, 2006, and a warrant issued on that date. Plaintiff alleges that he waived extradition and requested immediate disposition of his case. Plaintiff remained in the PDC until March 20, 2006, and was released after ninety days when Delaware failed to arrest and extradite him. Plaintiff alleges unlawful arrest, search, and seizure by Defendants on October 27, 2006, when they burst through his front door at gun point and arrested him without a valid warrant.[1] Plaintiff

---

[1] Plaintiff names as Defendants unnamed ATF agents, U.S. Marshals, FBI agents, Delaware State Police and Delaware Probation and Parole Agents. There is no indication where the Defendants may be located other than the reference to Delaware.

alleges that the State of Delaware violated the Uniformed Agreement on Detainers when it failed to bring him to trial within 180 days after he waived extradition.[2] Plaintiff seeks an injunction ordering his release from prison as well as compensatory and punitive damages.

## II.   STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it

---

[2] Plaintiff filed a Rule 61 Motion in the Delaware Superior Court.  In denying the Motion, the Court set forth the following facts:  "On January 23, 2006, [Alexander] was indicted on three counts of Rape in the First Degree.  He was committed to the Department of Corrections in default of bail on October 27, 2006.  On June 19, 2007, [Alexander] was tried by a jury, but the trial resulted in a mistrial because the jury was unable to reach a unanimous verdict.  Although a second trial was scheduled, [Alexander] entered a plea of no contest to Rape in the Third Degree prior to trial and the State agreed to dismiss the other charges.  [Alexander] was sentenced to twenty years in prison, suspended after serving ten years for a period of probation." State of Delaware v. Alexander, Crim. No. IN06-1-1502, 2008 WL 2583025, at *1 (Del. Super. Ct. June 12, 2008).

"lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). <u>Fullman v. Pennsylvania Dep't of Corr.</u>, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing <u>Weiss v. Cooley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. <u>Erickson v. Pardus</u>, -U.S.-, 127 S.Ct. 2197, 2200 (2007).

A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id</u>. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in

4

fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III.  DISCUSSION

Initially the Court notes that Plaintiff filed a § 1983 claim against federal Defendants, although he alleges they were acting under the color of State law. A claim against a federal defendant is governed by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971). In

Bivens, the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers. To state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-56 (1978). When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Given that Plaintiff proceeds pro se, the Court construes the allegations as raising Bivens claims against the federal Defendants and § 1983 claims against the State Defendants.

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). Furthermore, he cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

issuance of a writ of habeas corpus.[3] See Heck v. Humphrey, 512 U.S. 477, 487 (1994). Plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by Heck. To the extent Plaintiff seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. Neitzke, 490 U.S. at 326.

## IV.  CONCLUSION

For the above reasons, the Court will dismiss the habeas corpus claim and will allow Plaintiff to proceed on the remaining claims. An appropriate Order will be entered.

---

[3] A claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution. The court must conduct a "fact-based inquiry" to determine whether success on the § 1983 claims would necessarily imply the invalidity of Plaintiff's conviction. Gibson v. Superintendent of N.J. Dep't of Law and Pub. Safety, 411 F.3d 427, 447 (3d Cir. 2005).